```
                                   UNITED STATES DISTRICT COURT
                                   SOUTHERN DISTRICT OF FLORIDA

                                   CASE  NO.  16-60531-Civ-BLOOM
                                   MAGISTRATE JUDGE P.A. WHITE
STATE OF FLORIDA,              :

     Plaintiff,                :

v.                             :       REPORT OF
                                       MAGISTRATE JUDGE
AMUNHOTEP EL-BEY a/k/a         :
EUGENE JAMES WILLIAMS,
                               :
     Defendant.
_____:
```

## I. Introduction

Amunhotep El-Bey, formerly known as Eugene James Williams, is a pretrial detainee confined at a Broward County detention facility in Fort Lauderdale, Florida. He has filed a *pro se* pleading purporting to be an action brought pursuant to 42 U.S.C. §1983 as well as various other statutory provisions. See Notice of Removal to the U.S. District Court, Southern District of Florida. (DE# 1). It appears that El-Bey is actually the plaintiff in this matter and not the defendant, as the style of his pleading indicates. Id. El-Bey has not utilized the §1983 form complaint, as required, and he has also not paid the $350.00 filing fee or filed an application to proceed in this matter *in forma pauperis* with supporting Inmate Trust Account Statement. Id. In his Complaint, El-Bey appears to request this Court to permit him to proceed *in forma pauperis* in this action. See DE# 1 at CM/ECF page 26. In this particular case, the Court will construe El-Bey's pleading as an implicit request for permission to proceed *in forma pauperis* in accordance with Title 28, United States Code, section 1915(b).

The instant pleading is essentially a rambling, nonsensical, incomprehensible pleading. Even with a close and careful review of

the complaint, it is impossible to discern the claims raised and the relief sought. And, while El-Bey captions his pleading as a "Notice of Removal," the Broward County Circuit Court cases he references in his pleading all pertain to several criminal cases now pending against him in the state trial court. See Notice of Removal at DE# 1, CM/ECF page 1, *citing*, Case Nos. 15-8628, 15-50457 and 15-10110. See also http://www.clerk-17th-flcourts.org.[1] The undersigned's review this date of the on-line docket of the Clerk, Broward County Circuit Court has revealed no civil action filed by El-Bey that has been removed to this Court. See http://www.clerk-17th-flcourts.org.

While the instant complaint is subject to dismissal for various reasons, the simplest of which is El-Bey's status as a "three-striker" under the provision of the Prison Litigation Reform Act ("PLRA").

## II. §1915(g)

A prisoner attempting to proceed *in forma pauperis* in a civil action in federal court must comply with the mandates of the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104–134, §§ 801–810, 110 Stat. 1321 (1996). 28 U.S.C. §1915(g) of the PLRA provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state

---

[1] The Court takes judicial notice of information available at the database maintained by the Clerk of Court, Seventeenth Judicial Circuit, Broward County, Florida, http://www.clerk-17th-flcourts.org., viewed on this date. See Fed.R.Evid. 201(b)(2), (c)(permitting the Court to take judicial notice on its own of a fact "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); United States v. Glover, 179 F.3d 1300, 1302 n.5 (11th Cir. 1999)("A court may take judicial notice of its own records and the records of inferior courts.").

>a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"This provision of the PLRA, commonly known as the three strikes provision, requires frequent filer prisoners to prepay the entire filing fee before federal courts may consider their lawsuits and appeals." Rivera v. Allin, 144 F.3d 719, 723 (11th Cir. 1998) (internal citations omitted), *abrogated on other grounds by* Jones v. Bock, 549 U.S. 199, 127 S.Ct. 910, 166 L.Ed.2d 798 (2007). The Eleventh Circuit has upheld the constitutionality of §1915(g) because it does not violate an inmate's right to access to the courts, the doctrine of separation of powers, an inmate's right to due process of law, or an inmate's right to equal protection. Id. at 721–27.

The Eleventh Circuit has held that in order to meet this exception, "the complaint, as a whole, [must] allege[] imminent danger of serious physical injury." Brown v. Johnson, 387 F.3d 1344, 1350 (11th Cir. 2004). The issue is whether the plaintiff falls within the exception to the statute, imminent danger of serious physical injury at the time of filing the lawsuit. See Medberry v. Butler, 185 F.3d 1189 (11th Cir. 1999)(prison officials deliberately indifferent to plaintiff's safety by placing him in dangerous situation, causing prisoner to fear for his life, which ceased at the time of filing, fails to demonstrate imminent danger).

### A. Prior Filing History

This Court's search this date using the Court's PACER (Public Access to Court Electronic Records) system has revealed that during his various terms of incarceration, El-Bey, formerly known as Eugene James Williams, has filed several civil rights lawsuits pursuant to 42 U.S.C. §1983 in the United States Courts and at

least three of those complaints were dismissed as frivolous. See e.g., Williams v. Kessler, No. 99-14077-Civ-Moore (S.D.Fla. May 28, 1999)(dismissing case for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C §1915A); Williams v. Lands, No. 99-14085-Civ-Graham (S.D.Fla. Aug. 31, 2000)(dismissing case pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted); Williams v. Knowles, No. 01-14008-Civ-Graham (S.D.Fla. Aug. 6, 2001)(dismissing case pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted).[2]

### B. "Imminent Danger" Exception

Thus, El-Bey has filed at least three cases which fit the criteria of the statute. He is, therefore, barred from proceeding *in forma pauperis* in this Court unless he can show that he is under imminent danger of serious physical injury. See 28 U.S.C. §1915(g).

As indicated, El-Bey's pleading is far from clear. Even liberally construed,[3] the Complaint does not allege facts suggesting that El-Bey is in imminent danger of serious physical injury with respect to his present conditions of confinement at Paul Rein Detention Facility. El-Bey does not name any detention facility officials or inmates confined at the Paul Rein Detention Facility as Defendants in the Complaint, nor do the vague and difficult to understand allegations suggest that his life is in

---

[2] The undersigned notes that El-Bey filed another civil complaint in this Court, apparently attacking the lawfulness of various unrelated state court criminal proceedings, and the case was dismissed by Order entered on July 31, 2012, upon El-Bey's motion for voluntary dismissal. See State of Florida v. El Bey, No. 12-14201-Civ-Martinez.

[3] Pleadings drafted by pro se litigants must be liberally construed; Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972)(per curiam), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§1915A, 1915(e).

danger. El-Bey's claims are difficult to construe and appear to include challenges to his most-recent arrest, current incarceration and state criminal case(s) currently proceeding in Broward County Circuit Court.

None of the allegations suggest that El-Bey is in imminent danger. Nor do El-Bey's allegations suggest a pattern of misconduct evidencing the likelihood of imminent serious physical injury. El-Bey has failed to make the requisite demonstration to overcome dismissal. Since El-Bey has not paid the filing fee and the factual allegations of his complaint do not suggest that El-Bey's current conditions of confinement pose an imminent threat of serious physical injury, he does not qualify under the imminent danger exception to §1915(g). Dismissal of the instant civil rights action is, therefore, appropriate.

As the statute provides that the filing fee must be paid at the time the suit is initiated, and only precludes the plaintiff from proceeding *in forma pauperis*, it would generally be recommended that the complaint be dismissed without prejudice to the plaintiff to file a new complaint accompanied by payment of the full filing fee of $350.00. See Dupree v. Palmer, 284 F.3d 1234, 1236 (11th Cir. 2002). However, preliminary review of the instant complaint by the undersigned shows that the complaint, as filed, would not survive a frivolity screening pursuant to 28 U.S.C. §1915.

Review of records of which this Court can take judicial notice has revealed that El-Bey was arrested on September 25, 2015, and charged with felony criminal, misdemeanor and criminal traffic offenses. See State v. Williams, Nos. 15-8628CF10A, 15-50457TC30, and 15-10110MM (Fla. 17th Jud.Cir.Ct.); http://www.clerk-17th-

5

flcourts.org. All cases remain pending before the state trial court with the felony criminal case scheduled for trial on April 25, 2016, and the misdemeanor and traffic cases scheduled for calendar calls on April 7, 2016. Id. El-Bey is essentially challenging the lawfulness of his arrest, current detention and the pending criminal prosecutions. As such, El-Bey's Complaint is barred pursuant to the doctrines set forth in *Preiser* and *Heck*.

The Supreme Court has held that §1983 is the appropriate course of relief for an inmate "who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriquez, 411 U.S. 475, 499–500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973)("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release ..., his sole federal remedy is a writ of habeas corpus."). See also Nelson v. Campbell, 541 U.S. 637, 643, 124 S.Ct. 2117, 158 L.Ed.2d 924 (2004)(explaining that claims challenging the fact of conviction or duration of the sentence "fall within the 'core' of habeas corpus," while claims challenging the conditions of confinement may be brought in a civil rights action under 42 U.S.C. §1983); Johnson v. Chisholm, 2009 WL 3481904, at *1 (S.D.Ga. 2009)(explaining that pretrial detainee seeking preliminary and permanent injunctions of his state criminal proceedings, dismissal of his state charges, and immediate release failed to advance a cognizable claim under §1983 because his sole remedy was to file a habeas petition under 28 U.S.C. §2241).

The Supreme Court expressly held in *Heck v. Humphrey* that when an inmate's allegations rest on the invalidity of his imprisonment, his §1983 claim does not accrue until that invalidity is proven.

6

512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). See also Edwards v. Balisok, 520 U.S. 641, 645, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997)(extending *Heck* to certain types of due process challenges brought under §1983). More pertinent to the instant action, *Heck* has been applied to suits filed by pretrial detainees, such as the instant Plaintiff. Mallery v. McLeod, 2012 WL 2378140, at *3–4 (N.D.Fla. 2012)(*citing* Wiley v. City of Chicago, 361 F.3d 994, 996 (7th Cir. 2004); Smith v. Holtz, 87 F.3d 108 (3d Cir. 1996). The Supreme Court in *Edwards* remarked that if "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," then that §1983 claim must be dismissed unless the conviction has already been invalidated. Edwards, 520 U.S. at 487. Thus, any claim for monetary damages or injunctive relief that challenges a civil rights Plaintiff's incarceration is not cognizable under §1983. Heck, 512 U.S. at 483.

Here, Plaintiff appears to be challenging the fact or duration of his confinement—rather than the conditions of that confinement. In making such an argument, El-Bey fails to assert a cognizable claim under §1983. See Josey v. Texas Dept. of Public Safety, 101 F.App'x 9, 10 (5th Cir. 2004)(dismissing, under *Heck*, pretrial detainee's §1983 lawsuit where he claimed, *inter alia*, that there was no probable cause for his arrest, when resolving the claims in his favor would undermine the validity of his potential conviction). See also Thomas v. Pugh, 9 F.App'x 370, 371–72 (6th Cir. 2001)(dismissing, under *Heck*, pretrial detainee's §1983 claims that he was denied his constitutional rights to a speedy indictment, speedy trial, due process, and equal protection); Henley v. Hinson, 2013 WL 789031 (S.D.Ga. 2013); Cole v. State of Fla., 2010 WL 2711861, at *3 (N.D.Fla. 2009)(dismissing, under *Heck v. Humphrey* that when an inmate's allegations rest on the invalidity of his imprisonment, his civil rights claim does not

7

accrue until that invalidity is proven. 512 U.S. 477, 486–87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) *Heck*, pretrial detainee's §1983 claim of false arrest where resolving the claim in his favor would undermine his potential conviction on pending criminal charges); Mallery, 2012 WL 2378140 at *3-4 (finding that *Heck* barred pretrial detainee's damages claims because, if successful, his claims would necessarily imply the invalidity of his potential convictions).

El-Bey is advised that in the event that he wishes to challenge the fact or duration of his confinement, he must do so by filing a proper habeas petition pursuant to §2241.[4] Such a petition cannot be brought in this federal court until after full exhaustion of all state court remedies.[5] See Wilkinson v. Dotson, 544 U.S. 74, 79, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005).

Accordingly, even when liberally construing Plaintiff's allegations in his favor and granting him the benefit of all

---

[4]Pre-trial habeas petitions are properly brought under 28 U.S.C. §2241, which applies to persons in custody regardless of whether final judgment has been rendered. Stacey v. Warden, Apalachee Correctional Inst., 854 F.2d 401, 403 n.1 (11th Cir. 1988), citing, Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir.), cert. denied, 484 U.S. 956 (1987).

[5]An applicant's federal writ of habeas corpus will not be granted unless the applicant exhausted his state court remedies. 28 U.S.C. §2254(b),(c). See Mauk v. Lanier, 484 F.3d 1352, 1357 (11th Cir. 2007). A petitioner who is awaiting trial on state criminal charges and challenges those charges generally must allow the case to go to trial and through the state appellate process to satisfy the exhaustion requirement. See Brown v. Estelle, 530 F.2d 1280, 1282-83 (5th Cir. 1976); Tooten v. Shevin, 493 F.2d 173, 175-77 (5th Cir. 1974)(holding that state pre-trial detainee who had litigated a pre-trial challenge to the constitutionality of her prosecution all the way to the Florida Supreme Court must go through trial and direct appeals before seeking federal habeas relief). A petitioner is required to present his claims to the state courts such that they are permitted the "opportunity to apply controlling legal principles to the facts bearing upon [his] constitutional claim." Picard v. Connor, 404 U.S. 270, 275-77 (1971). To provide the state with the necessary "opportunity," the prisoner must "fairly present" his claim in each appropriate state court thereby alerting that court to the federal nature of the claim. Baldwin v. Reese, 541 U.S. 27, 29-30 (2004) 541 U.S. at 29-30; Duncan v. Henry, 513 U.S. 364, 365-366 (1995). See also O'Sullivan v. Boerckel, 526 U.S. 838 (1999).

reasonable inferences to be derived from the facts alleged, Plaintiff's Complaint is "based on an indisputably meritless legal theory" and is, therefore, subject to dismissal under 28 U.S.C. §1915(e)(2)(B)(ii).

### III. Recommendations

Based upon the foregoing, it is recommended that (1) El-Bey's implied motion to proceed *in forma pauperis* (DE# 1) be denied; (2) the complaint be dismissed pursuant to 28 U.S.C. §1915(g); see Dupree, 284 F.3d at 1237 (reasoning that the filing fee is due upon filing a civil action when *in forma pauperis* provisions do not apply to plaintiff and that the court is not required to permit plaintiff an opportunity to pay the filing fee after denying leave to proceed in forma pauperis), and dismissed with prejudice for failure to state a claim upon which relief can be granted pursuant to the provisions of 28 U.S.C. §1915(e)(2)(B)(ii); and (3) this civil action be CLOSED.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Signed this 17th day of March, 2016.

UNITED STATES MAGISTRATE JUDGE

cc:   Eugene James Williams, Pro Se
      Jail No. 571504512
      Paul Rein Detention Facility
      P.O. Box 407003
      Fort Lauderdale, FL 33340